UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WAYNE T. UEHARA,<br><br>　　　　　Defendant. | CR NO. 17-00645 LEK |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Wayne T. Uehara ("Uehara") seeks sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). See Uehara's Motion for Compassionate Release, filed 1/6/21 (dkt. no. 121) ("Motion"). Uehara filed his initial motion *pro* se. See id. Subsequently, Deanna S. Dotson, Esq. was appointed to represent him regarding the Motion. See CJA 20 Appointment of and Authority to Pay Court Appointed Counsel, filed 1/27/21 (dkt. no. 125). Ms. Dotson sought to withdraw as counsel and her request was granted. See Minute Order – EO: Regarding Motion to Withdraw as Attorney (Dkt. No. 131), filed 3/5/21 (dkt. no. 132). New counsel was appointed to represent Uehara. See CJA 20 Appointment of and Authority to Pay Court Appointed Counsel, filed 3/8/21 (dkt. no. 133). Uehara's counsel filed his supplemental memorandum to the Motion on May 20, 2021. See Uehara's Supplement in Support

of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Dkt. No. 121), filed 5/20/21 (dkt. no. 136) ("Supp. Memo"). In addition, Uehara's medical records were filed under seal in support of the Motion. See Uehara's Exhibit "A" to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), filed 5/21/21 (dkt. no. 139) ("Exh. A to Supp. Memo").

Plaintiff United States of America ("the Government") opposes the Motion. See Government's Response in Opposition to Defendant's Motion for Compassionate Release, filed 5/27/21 (dkt. no. 140) ("Response"). Significantly, the Government stated that Uehara received the first dose of a COVID-19 vaccine but, one month after the initial dose, refused the second vaccination dose. [Id. at 10.] The Court ordered briefing as to whether Uehara has been fully vaccinated. See Minute Order – EO: Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(I) (Compassionate Release), Filed 1/20/21 [Dkt. No. 121], filed 6/10/21 (dkt. no. 144). Uehara responded that he did not receive his second vaccination dose, but he put in a request for it. See Uehara's Second Supplement in Support of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (Compassionate Release) (Dkt. No.(s) 121, 136), filed 6/14/21 (dkt. no. 145).

The parties' submissions made the issue murkier, not clearer.  As such, the Court requested further briefing as to Uehara's vaccination status.  See Minute Order – EO: Court Order Regarding Further Briefing on Vaccination Status, filed 9/24/21 (dkt. no. 151).  Uehara responded that he did not receive his second vaccination dose because "he was directed to check the box indicating he declines coverage by the person administering the vaccination shots . . . ."  [Uehara's Third Supplement in Support of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (Compassionate Release) (Dkt. No.(s) 121, 136), filed 10/5/21 (dkt. no. 152).]  The Government concurred that Uehara declined his second vaccination dose in February 2021, but subsequently received it on August 19, 2021 and "is now fully vaccinated . . . ."  [Government's Response to EO No. 151 Re: Defendant's Motion for Compassionate Release, filed 10/6/21 (dkt. no. 156), at 2.]

Uehara was sentenced on October 24, 2019, see Sealed Minutes, filed 10/24/19 (dkt. no. 109), and he received a sentence of a term of incarceration of 130 months and five years of supervised release, see Redacted Judgment in a Criminal Case, filed 10/31/19 (dkt. no. 116), at 2-3.  He is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Correctional Institution Williamsburg in Salters, South Carolina and his projected date of release is May 1, 2027.  Federal

Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited July 28, 2022). For the reasons stated below, Uehara's Motion is denied.

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced. Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c))). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence. A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i), (ii). The key term "extraordinary and compelling reasons" was not, however, defined. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021). The Sentencing Commission does provide guidance in its policy statement regarding the considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt.

4

n.1(D).  However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)."  Aruda, 993 F.3d at 800 (footnote omitted).  Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

     The Court finds that Uehara presents evidence that he suffers from serious medical conditions, including type 2 diabetes mellitus, hyperlipidemia, hypertension, obesity, and sleep apnea, and that he is prescribed medication for several of these conditions.  See Exh. A to Supp. Memo at 8.  Type 2 diabetes mellitus and obesity are recognized as conditions that pose a higher risk for severe COVID-19 outcomes.  See www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited July 28, 2022).  Uehara, however, is fully vaccinated, and COVID-19 vaccines "are effective at protecting people from getting seriously ill, being hospitalized, and even dying."  www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html (last visited July 28, 2022).  Thus, his medical conditions (despite being serious illnesses) are not sufficient to demonstrate extraordinary and compelling reasons necessary to grant an early release.

In exercising its discretion in ruling on the Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more fully in <u>Aruda</u>, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Uehara does not present extraordinary and compelling reasons to support his early release.  Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Uehara's Motion for Compassionate Release, filed January 6, 2021, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**<u>USA VS. WAYNE T. UEHARA</u>; CR 17-00645 LEK; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**